UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Susan H.,                                             File No. 21-cv-2688 (ECT/ECW)

      Plaintiff,

v.                                                                    **ORDER**

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

      Defendant.

---

Plaintiff Susan H. appeals the Commissioner of Social Security's denial of her application for disability benefits. Compl. [ECF No. 1]. The Parties filed cross-motions for summary judgment. ECF Nos. 20, 22. Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R"). In the R&R, Magistrate Judge Wright recommends denying Susan H.'s motion and granting the Commissioner's motion. R&R [ECF No. 26] at 35. Susan H. objected to the R&R. ECF No. 27 ("Objs."). Though ordered to do so, the Commissioner has filed no response.[1] Because Susan H. has objected, the R&R will be reviewed de novo. 28 U.S.C. § 636(b)(1)(C); *accord* D. Minn. LR 72.2(b)(3). Based on that review, Susan H.'s claim will be remanded to the Commissioner for further proceedings.

---

[1] The Commissioner had two opportunities to respond to Susan H.'s objections. First, the Commissioner could have responded within 14 days after being served a copy of objections. *See* ECF No. 26 at 36; D. Minn. LR 72.2.(b)(2). The Commissioner did not respond by that deadline. After reviewing the R&R and Susan H.'s objections, I concluded that it would be helpful to receive a response from the Commissioner and ordered the Commissioner to file a response. ECF No. 28. The Commissioner, however, did not comply with that order and has offered no explanation or justification for this failure.

I

The administrative law judge ("ALJ") concluded that Susan H. suffers from the following severe impairments: degenerative joint disease of the knee, cervical spine disc protrusion, and fibromyalgia. R. [ECF No. 17] at 19.[2] The ALJ found that these impairments, considered individually and in combination, did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 24. The ALJ considered Susan H.'s impairments under Listings 1.02 (major dysfunction of a joint), 1.04 (disorders of the spine), and 14.09 (inflammatory arthritis). *Id*. at 24–25. The criteria for 1.02 were not met, the ALJ concluded, because Susan H.'s impairments were

> not characterized by gross anatomical deformity . . . and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s) with either involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle) resulting in inability to ambulate effectively or involvement of one major peripheral joint in each upper extremity . . . , resulting in inability to perform fine and gross movements effectively.

R. at 24–25. Though Susan H. had "degenerative changes in her knee[,] . . . she [was] able to ambulate effectively, using one single point cane when acutely necessary," and therefore did not meet or medically equal this listing. *Id*. at 25. The ALJ further concluded that criteria for 1.04 were not satisfied because

---

[2]     This Order cites the Administrative Record ("R."), *see* ECF No. 17, by reference to the consecutive pagination that spans the exhibits comprising it. Those page numbers are listed in the bottom right corner of each document.

> [t]here is no evidence of compromise of a nerve root or the spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss . . . accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively . . . .

*Id*. at 25.  Recognizing that Susan H. had "degenerative changes of the cervical spine," the ALJ concluded that she "does not have spinal arachnoiditis" and has "full strength and normal reflexes."  *Id*.  Finally, applying 14.09 to the fibromyalgia impairment, the ALJ determined that Susan H. was "able to ambulate effectively, though currently undergoing treatment for a knee issue that had onset in late summer 2020 and is expected to improve," and that she "does not have inability to perform fine and gross movements effectively in both upper extremities."  *Id*.  The ALJ further concluded, Susan H. "[did] not have at least two of the constitutional symptoms or signs, which are severe fatigue, fever, malaise, or involuntary weight loss," and she did not have "a forward flexed spine with involvement of at least two organs or body systems" or "marked limitation of activities of daily living, in maintaining social functioning, or in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace."  *Id*.

Having concluded that Susan H. was not presumptively disabled, the ALJ then considered Susan H.'s residual functional capacity ("RFC").  Physically, the ALJ

3

concluded that Susan H. "ha[d] the [RFC] to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c)" with the following limitations: "except frequently stoop, crouch, or climb ramps or stairs; no kneeling or crawling; only occasionally operate foot controls bilaterally; and also no climbing ladders, ropes or scaffolds." *Id*. at 25. The ALJ also concluded that the doctor completing the psychological consultation exam "did not find a medically determinable mental impairment, only symptoms." *Id*. at 29. As a result, the ALJ concluded that Susan H. was "capable of performing past relevant work as a short order cook." *Id*. at 30. Considering Susan H.'s age, education, work experience, and RFC, the ALJ alternatively found that there were other jobs that exist in the national economy that Susan H. could perform, including: hand launderer, linen checker, and counter-supply worker. *Id*. at 31–32. Accordingly, the ALJ concluded that Susan H. had not been disabled since August 22, 2019, when her application was filed. *Id*. at 32–33. The Appeals Council denied Susan H.'s request for review. R. at 1.

Susan H. then filed this action challenging the denial of disability benefits. Susan H. argued that she was entitled to summary judgment because the ALJ failed to properly evaluate the opinion evidence provided by Plaintiff's treating provider, Dr. Maral Kenderian. Pl.'s Mem. in Supp. [ECF No. 21] at 1, 8–13. The Commissioner argued that he was entitled to summary judgment because the ALJ's decision was "legally sound and supported by substantial evidence." Def.'s Mem in Supp. [ECF No. 23] at 9.

The R&R rejected each of Susan H.'s arguments. First, the R&R found the ALJ "adequately considered the supportability and consistency of Dr. Kenderian's October 14, 2019 opinion in assessing [Susan H.'s] RFC." R&R at 29. Second, the R&R concluded

4

that "the ALJ thoroughly considered [Susan H.'s] medical record, including past treatment notes by Dr. Kenderian and other medical providers, as well as Dr. Kenderian's October 14, 2019 opinion." *Id*. at 30. Finally, the R&R determined that substantial evidence supported the ALJ's decision to assign little weight to Dr. Kenderian's October 14, 2019 opinion. *Id*. at 33–34.

II

In her objections, Susan H. challenges the ALJ's RFC determination, asserting that it is unsupported by substantial evidence because the ALJ failed to properly evaluate the opinion evidence concerning Susan H.'s physical impairments from her primary care physician, Dr. Kenderian. *See* Objs. at 1. As the R&R correctly determined, because Susan H.'s claim was filed after March 27, 2017, the applicable regulation is 20 C.F.R. § 404.1520c. ECF No. 26 at 26; *Pa M. v. Kijakazi*, No. 20-cv-741 (BRT), 2021 WL 3726477, at *6 n.7 (D. Minn. Aug. 23, 2021). That regulation states that the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The most important factors, when determining how persuasive a medical opinion or finding is, are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). In assessing the supportability factor, "[t]he more relevant the *objective medical evidence and supporting explanations* presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1) (emphasis added). As for consistency,

5

"[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). An ALJ must explain how both the consistency and supportability elements were considered and evaluated. 20 C.F.R. § 404.1520c(b)(2). Susan H. argues that the ALJ failed to properly explain how she analyzed the consistency and supportability factors in reaching her decision to discount Dr. Kenderian's opinion.

In her opinion, the ALJ explained her analysis of the supportability and consistency factors, with regard to Dr. Kenderian's opinion, as follows:

> On October 14, 2019, Maral Kenderian, M.D., completed physical and mental check box disability forms. The boxes checked by Dr. Kenderian are for a range of light work with reduced standing/walking and limited handling, fingering, and reaching. Dr. Kenderian also checked that the claimant had extreme limitation in her ability to ignore or avoid distractions while working and in her ability to work a full day without needing more than the allotted number or length of rest periods during the day. Dr. Kenderian opined mild limitation in the claimant's ability to set realistic goals and no limitations in other areas of ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. Dr. Kenderian's opinion is not persuasive. It is inconsistent with the provider's notes and minimal objective evidence.

R. at 30 (internal citations removed).[3] Susan H. challenges the ALJ's determination that Dr. Kenderian's opinion regarding her physical limitations was "inconsistent with the provider's notes and minimal objective evidence," because the ALJ did not explain what

---

[3] This paragraph is the only objected-to analysis in the ALJ's opinion. *See* ECF No. 27 at 2 n.1.

was inconsistent or otherwise explain her analysis. ECF No. 27 at 1–3. Susan H. argues that the R&R identifies "[p]ost hoc rationalizations" to explain the ALJ's decision. *Id*. at 3.[4]

The ALJ's failure to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions" is legal error. 20 C.F.R. §§ 404.1520c(b)(2), 416.920(b)(2); *see Joel M. B. v. Kijakazi*, No. 21-cv-1660 (PAM/ECW), 2022 WL 1785224, at *3 (D. Minn. June 1, 2022) (quoting *Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020)). Here, though the ALJ says she considered both the supportability and consistency of Dr. Kenderian's opinion when assessing Susan H.'s RFC, she offers only a conclusion that "Dr. Kenderian's opinion is not persuasive" because it is "inconsistent with the provider's notes and minimal objective evidence." R. at 30. The ALJ gives no explanation about which part of Dr. Kenderian's opinion is inconsistent with which part of the provider's notes or other record evidence. In the absence of any explanation from the ALJ, I cannot determine whether the ALJ's decision is supported by substantial evidence on the record, and the matter should be remanded for that analysis.

---

[4] Susan H. raises two other issues in her objections that were not addressed in her summary judgment motion, arguing that: (1) the ALJ improperly offered a lay opinion that "improvement would be expected" as to Susan H.'s left knee meniscus tear, and this did not constitute "substantial evidence" on which to deny her claim; and (2) the ALJ did not adequately explain why the "unremarkable" exam findings as to her fibromyalgia were inconsistent with the limitations associated with fibromyalgia. ECF No. 27 at 4–5. Because these arguments were raised for the first time in Susan H.'s objections, they are waived. *See Shannon S. D. v. Saul*, No. 19-cv-953 (NEB/KMM), 2020 WL 2060422, at *3 (D. Minn. Apr. 29, 2020) (quoting *Ridenhour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("When a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review.")).

*See Lucus*, 960 F.3d at 1070; *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (noting that the "reviewing court may not uphold agency decision based on reasons not articulated by agency itself in its decision"); *Michael B. v. Kijakazi*, No. 21-cv-1043 (NEB/LIB), 2022 WL 4463901, at *2 (finding legal error warranting remand where ALJ failed to articulate how she considered the supportability factor); *Ayala v. Kijakazi*, --- F. Supp. 3d ---, 2022 WL 3211463 (S.D.N.Y. Aug. 9, 2022) (remanding where ALJ failed to "identify specific objective findings [with respect to consistency] so the Court [could] evaluate the evidence on which the ALJ relied"; and ALJ's "conclusory statements [regarding supportability] offer[ed] no insight into 'how well [either doctor] supported and explained their opinion'") (citing cases).

Accordingly, based on all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Plaintiff's Objection to the Report and Recommendation [ECF No. 27] is **SUSTAINED**;

2. The Report and Recommendation [ECF No. 26] is **REJECTED** in part;

3. Plaintiff's Motion for Summary Judgment [ECF No. 20] is **GRANTED in part**;

4. Defendant Acting Commissioner of Social Security Kilolo Kijakazi's Motion for Summary Judgment [ECF No. 22] is **DENIED**; and

5. The matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings not inconsistent with this order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 21, 2023              s/ Eric C. Tostrud
                                       Eric C. Tostrud
                                       United States District Court